UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

DEBORAH ANN WOOD

CASE NO.  3:25-cr-*95-MMH-SJH*
18 U.S.C. § 1349

## INFORMATION

The U.S. Attorney charges:

### COUNT ONE
**(Conspiracy to Commit Wire Fraud)**

#### A.  Introduction

At all times material to this Information:

1.     Defendant, DEBORAH ANN WOOD, was a resident of the Middle District of Florida.

2.     CoinFlip was a global digital currency company based out of Illinois. CoinFlip operated bitcoin ATMs throughout the world to include in Clay County, Florida. Customers could use a CoinFlip bitcoin ATM to purchase bitcoin and then, deposit the bitcoin via a wire into a digital wallet.

## B. The Conspiracy

3.      Beginning from in or about May 2021, and continuing through and including in or about July 2022, in the Middle District of Florida, and elsewhere, the defendant,

### DEBORAH ANN WOOD,

did knowingly and willfully combine, conspire, confederate, and agree with others, to execute and attempt to execute a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, by transmitting and causing to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, visual pictures, and sounds, for the purpose of executing the scheme and artifice to defraud, in violation of 18 U.S.C. § 1343.

All in violation of 18 U.S.C. § 1349.

## FORFEITURE

1.      The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of a conspiracy of the violation of 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c),

any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

GREGORY W. KEHOE
United States Attorney

By: _____
KEVIN C. FREIN
Assistant United States Attorney

By: _____
MICHAEL J. COOLICAN
Assistant United States Attorney
Deputy Chief, Jacksonville Division